**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                             :
GOURMET VIDEO, INC.,         :    CIVIL ACTION NO. 08-2158 (MLC)
                             :
     Plaintiff,              :    MEMORANDUM OPINION
                             :
     v.                      :
                             :
ALPHA BLUE ARCHIVES, INC.,   :
et al.,                      :
                             :
     Defendants.             :
_____:
```

**COOPER, District Judge**

  Plaintiff, Gourmet Video, Inc. ("Gourmet"), brought this
action against Alpha Blue Archives, Inc. ("Alpha Blue") and David
Naylor ("Naylor," and together with Alpha Blue, "defendants").
(Dkt. entry no. 1, Compl. at 1.)  Gourmet asserts that defendants
violated the Copyright Act, 17 U.S.C. § 101, et seq., by
unlawfully copying and distributing audiovisual recordings and
images protected by copyrights registered to it.  (Id. at 2-3.)
Venue is based on 28 U.S.C. § 1391(b)(1), (b)(2) and 28 U.S.C.
§ ("Section") 1400.  (Id. at 2.)  Defendants now separately move
to dismiss the complaint based on improper venue pursuant to
Federal Rule of Civil Procedure ("Rule") 12(b)(3), or, in the
alternative, to transfer the action to the United States District
Court for the Northern District of California pursuant to 28
U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).  (Dkt. entry no. 10,
Naylor Mot. to Dismiss; dkt. entry no. 11, Alpha Blue Mot. to

Dismiss.)  The Court determines the separate motions on briefs without an oral hearing, pursuant to Rule 78(b).  For the reasons stated herein, the Court will deny the separate motions to dismiss for improper venue, or, in the alternative, to transfer venue.

## BACKGROUND

Gourmet is a New Jersey corporation with its principal place of business in New Jersey.  (Compl. at 1.)  Gourmet owns copyrights in various audiovisual recordings and images ("copyrighted works") that it offers for sale.  (Id. at 3.) Gourmet alleges that Alpha Blue, a California corporation with its principal place of business in California, unlawfully copied and sold entire copies and portions of Gourmet's copyrighted works.  (Id. at 1, 3.)  Also, Gourmet asserts that Naylor, Alpha Blue's president and majority shareholder, contributed to Alpha Blue's infringing conduct and is liable as a vicarious infringer. (Id. at 4.)

Defendants separately move to dismiss the complaint based upon improper venue, or, in the alternative, to transfer venue to the Northern District of California.  (Dkt. entry no. 10, Naylor Br. at 1; dkt. entry no. 11, Alpha Blue Br. at 1.)  Defendants argue, inter alia, that the Northern District of California is the proper venue, and Section 1404(a) dictates that this action be transferred.  (Naylor Br. at 2-4; Alpha Blue Br. at 2-4.)

2

Gourmet opposes the separate motions and argues, <u>inter alia</u>, that venue is proper under Section 1400 and defendants have not shown that Section 1404(a) favors transfer of venue.  (Dkt. entry no. 12, Gourmet Br. at 4-10.)

## DISCUSSION

### I.   Legal Standards

#### A.   28 U.S.C. § 1400

28 U.S.C. § 1400 governs venue in copyright and patent cases.  Section 1400(a) provides that "[c]ivil actions . . . arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found."  28 U.S.C. § 1400(a).  For purposes of the statute, a defendant "may be found" wherever the defendant would be subject to personal jurisdiction.  <u>Scholz Design, Inc. v. Annunziata</u>, No. 06-853, 2007 WL 4526589, at *3 (D.N.J. Dec. 18, 2007); <u>Blackburn v. Walker Oriental Rug Galleries, Inc.</u>, 999 F.Supp. 636, 638 (E.D. Pa. 1998).  Thus, "venue in a copyright action is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state."  <u>Blackburn</u>, 999 F.Supp. at 638.

#### 1.   Personal Jurisdiction

Rule 4(e) allows a district court to assert personal jurisdiction over a non-resident defendant to the extent

permitted by the law of the state where the district court sits. See Fed.R.Civ.P. 4(e).  New Jersey's long-arm statute, N.J.Ct.R. 4:4-4, permits a court to exercise personal jurisdiction over a non-resident defendant to the furthest extent allowed by the United States Constitution.  Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004); see Avdel Corp. v. Mecure, 277 A.2d 207, 209 (N.J. 1971) (noting that New Jersey's long-arm statute allows out-of-state service "to the uttermost limits permitted by the United States Constitution").  The Fourteenth Amendment Due Process Clause, however, prohibits the exercise of personal jurisdiction "over a nonresident defendant who does not have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (internal quotations omitted; alteration in original).

A defendant's purposeful conduct and connection with the forum state must be such that the defendant "should reasonably anticipate being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  Hanson v. Denckla, 357 U.S. 235, 253

4

(1958).  The purposeful availment requirement ensures that a defendant will not be required to litigate in a forum solely as a result of "random," "fortuitous," or "attenuated" contacts, or the unilateral activity of another person.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985); see also Hanson, 357 U.S. at 253.

Once a defendant raises lack of personal jurisdiction as a defense, the plaintiff must demonstrate that the defendant has sufficient contacts with the forum to justify the exercise of jurisdiction.  N. Penn Gas Co. v. Corning Nat. Gas Corp., 897 F.2d 687, 689 (3d Cir. 1990); Provident Nat'l Bank, 819 F.2d at 437.  A plaintiff may meet this burden by establishing that the court has either "general" or "specific" jurisdiction.  Provident Nat'l Bank, 819 F.2d at 437.  A plaintiff need only make a prima facie demonstration of jurisdiction by showing with sufficient particularity the presence of contacts between the defendant and the forum.  See, e.g., Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992).  A court, in examining whether the plaintiff has satisfied this prima facie burden, must resolve all disputes of material fact in favor of the plaintiff.  See, e.g., Miller Yacht Sales, 384 F.3d at 97.

General jurisdiction exists when the defendant has continuous contacts with the forum state that are unrelated to the events forming the basis of the cause of action.  See

Provident Nat'l Bank, 819 F.2d at 437; Machulsky v. Hall, 210 F.Supp.2d 531, 538 (D.N.J. 2002).  To establish general jurisdiction, a plaintiff must show significantly more than mere minimum contacts with the forum state.  Provident Nat'l Bank, 819 F.2d at 437; Decker v. Circus Circus Hotel, 49 F.Supp.2d 743, 747 (D.N.J. 1999).  A plaintiff bears the "rigorous" burden of demonstrating that the defendant has "continuous and systematic" contacts with the forum state such that the defendant should expect to be haled into court on any cause of action. Helicopteros Nacionales de Colom., S.A. v. Hall, 466 U.S. 408, 414-16 & 415 n.9 (1984); Provident Nat'l Bank, 819 F.2d at 437. The facts required to establish general jurisdiction must be "extensive and persuasive."  Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982); Decker, 49 F.Supp.2d at 747.

Specific jurisdiction over a defendant exists when the defendant has purposefully directed activities at residents of the forum and the claim directly relates to or arises out of those activities.  Burger King Corp., 471 U.S. at 472; Miller Yacht Sales, 384 F.3d at 96.  The activities must "rise to the level of minimum contacts with the state, such that the defendant should reasonably anticipate being haled into court there." Exton v. Our Farm, Inc., 943 F.Supp. 432, 438 (D.N.J. 1996).  The critical factor is whether defendant "purposely avail[ed] itself

6

of the privilege of conducting activities with the forum State."
Machulsky, 210 F.Supp.2d at 538.  Jurisdiction is proper where
the contacts proximately result from the defendant's own actions,
which create a substantial connection with the forum.  Burger
King Corp., 471 U.S. at 475.  Although a defendant's entrance
into the forum state enhances the defendant's affiliation with
that forum, physical entrance into the forum is not required.
Id. at 476.

If a court determines that the defendant has purposefully
established minimum contacts with the forum state, then the court
must decide whether the exercise of personal jurisdiction
comports with "fair play and substantial justice."  Id.  In
addressing this question, a court may consider "the burden on the
defendant, the forum State's interest in adjudicating the
dispute, the plaintiff's interest in obtaining the most efficient
resolution of controversies, and the shared interest of the
several States in furthering fundamental substantive social
policies."  Miller Yacht Sales, 384 F.3d at 97 (quotation and
citation omitted).  Only rarely will the fairness requirement
defeat jurisdiction where a defendant has purposefully engaged in
forum activities.  Decker, 49 F.Supp.2d at 746.

### 2.   Personal Jurisdiction in Internet Cases

Where a court seeks to exercise personal jurisdiction based
on the defendant's website or Internet activity, "the likelihood

that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that [defendant] conducts over the Internet." <u>Zippo Mfg. Co. v. Zippo Dot Com, Inc.</u>, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997); <u>see also</u> <u>Toys "R" Us, Inc. v. Step Two, S.A.</u>, 318 F.3d 446, 452 (3d Cir. 2003).  Personal jurisdiction is properly exercised over a defendant using the Internet to conduct business in the forum state.  <u>Toys "R" Us, Inc.</u>, 318 F.3d at 452; <u>Machulsky</u>, 210 F.Supp.2d at 538-39; <u>Zippo Mfg. Co.</u>, 952 F.Supp. at 1124.  Personal jurisdiction may not be properly exercised over a defendant with a website merely providing information to interested persons and not allowing the user to exchange information with the host computer.  <u>Zippo Mfg. Co.</u>, 952 F.Supp. at 1124; <u>Machulsky</u>, 210 F.Supp.2d at 538-39.  Where the website allows a user to exchange information with the host computer, the court must examine "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site" to determine if the exercise of personal jurisdiction is proper.  <u>Zippo Mfg. Co.</u>, 952 F.Supp. at 1124.

The general rule that specific jurisdiction is proper where a defendant intentionally reaches out and conducts business in a foreign jurisdiction remains unchanged where the business is conducted through a website.  <u>Zippo Mfg. Co.</u>, 952 F.Supp. at 1124.  A defendant, therefore, is not subject to personal

8

jurisdiction in any jurisdiction merely because the defendant's
website is commercially interactive.  Toys "R" Us, Inc., 318 F.3d
at 454.  Rather, "there must be evidence that the defendant
'purposefully availed' itself of conducting activity in the forum
state, by directly targeting its web site to the state, knowingly
interacting with residents of the forum state via its web site,
or through sufficient other related contacts."  Id.  A court may
include a defendant's non-Internet contacts with the forum state
in making its "purposeful availment" determination.  Id. at 453.
Thus, a defendant purposefully avails itself of the forum state
where the defendant conducts business with the forum state's
residents and knowingly ships its products to the forum state.
See L'Athene, Inc. v. Earthspring LLC, 570 F.Supp.2d 588, 593-94
(D. Del. 2008); Machulsky, 210 F.Supp.2d at 539.

### B.    28 U.S.C. § 1406(a)

When a district court determines that venue is improper, the
district court must dismiss the complaint, or, in the interest of
justice, transfer the action to any district in which the action
could have been brought.  28 U.S.C. § 1406(a).  Section 1406(a)
applies only when venue is improper.  Id.; Lafferty v. St. Riel,
495 F.3d 72, 77-78 (3d Cir. 2007).  When a court dismisses a
complaint under Section 1406(a), the plaintiff must re-file the
action in a proper forum.  Lafferty, 495 F.3d at 77.

C.   28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a).  To transfer an action under Section 1404(a), venue must be proper both in the transferor court and the transferee court.  Osteotech, Inc. v. Gensci Regeneration Scis., Inc., 6 F.Supp.2d 349, 357 (D.N.J. 1998).  The party seeking to transfer must show that the alternative venue is not only adequate, but also more convenient than the current one.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  "[T]he decision to transfer must incorporate all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."  Rappoport v. Steven Spielberg, Inc., 16 F.Supp.2d 481, 498 (D.N.J. 1998) (quotation and citations omitted).

Courts balance private and public interests when deciding whether to transfer venue.  Jumara, 55 F.3d at 879.  Private interests include a plaintiff's choice of forum, a defendant's preference, convenience of the parties as indicated by their physical and financial condition, convenience of witnesses to the extent that they may be unavailable in one forum, and the location of books and records to the extent they could not be

10

produced in alternative fora.  Id.; Yocham v. Novartis Pharms. Corp., 565 F.Supp.2d 554, 557 (D.N.J. 2008).

A plaintiff's choice of forum is generally a paramount concern and is entitled to greater deference when the chosen forum is the plaintiff's home forum.  Rappoport, 16 F.Supp.2d at 499; Osteotech, Inc., 6 F.Supp.2d at 358.  "[U]nless the balance is strongly tipped in favor of the defendant, the plaintiff's choice of forum should not be disturbed."  Rappoport, 16 F.Supp.2d at 499 (quotation and citations omitted).  A plaintiff's choice, however, is not dispositive; it is merely a preference.  Osteotech, Inc., 6 F.Supp.2d at 358.  Where a plaintiff's chosen forum has "little connection with the operative facts of the lawsuit," it is entitled to less deference.  Rappoport, 16 F.Supp.2d at 500.

A court also considers public interests in its Section 1404(a) analysis, including enforceability of a judgment, practical considerations that could make the trial easy, expeditious or inexpensive, relative administrative difficulty in the two fora resulting from court congestion, local interest in deciding a local controversy, public policies of the fora, and familiarity of the district court with applicable state law. Jumara, 55 F.3d at 879-80; Yocham, 565 F.Supp.2d at 557.

11

II.   **Application of Legal Standards**

  A.   **Application of 28 U.S.C. § 1400.**

Defendants argue that venue is improper under Section 1400. (Naylor Br. at 3; Alpha Blue Br. at 3.)  Alpha Blue further asserts that it lacks sufficient contacts with New Jersey for the exercise of personal jurisdiction.  (Dkt. entry no. 13, Alpha Blue Reply Br. at 3-4.)[1]  Gourmet responds by arguing that defendants' contacts with New Jersey are sufficient to support exercise of both specific and general personal jurisdiction. (Gourmet Br. at 6-7.)  Gourmet contends that defendants satisfied the purposeful availment requirement by using their website to sell illegal copies of the copyrighted works to New Jersey residents.  (Id. at 7.)  The Court finds venue is proper under Section 1400 because defendants are subject to specific personal jurisdiction in New Jersey.[2]

Defendants have sufficient minimum contacts with New Jersey to permit exercise of specific jurisdiction, and the exercise of personal jurisdiction does not offend traditional notions of fair

---

[1]  Alpha Blue asserts that Gourmet did not oppose Naylor's motion.  (Alpha Blue Reply Br. at 1.)  This is incorrect. Gourmet states that its response is "in opposition to the motion to dismiss or transfer venue filed by defendants, Alpha Blue Archives, Inc. and David Naylor."  (Gourmet Br. at 1.)

[2]  Because venue is proper under 28 U.S.C. § 1400, the Court does not decide whether venue may be established under 28 U.S.C. § 1391.

play and substantial justice.[3]  Specific jurisdiction analysis
applies because Gourmet's claims arise out of defendants'
contacts with New Jersey, namely defendants' sales of allegedly
illegal copies of the copyrighted works to New Jersey residents.
See Osteotech, Inc., 6 F.Supp.2d at 354 (noting that specific
jurisdiction is appropriate where plaintiff's claim arises
directly from defendant's contact with the forum state).

Defendants have an interactive website through which they
conduct business in New Jersey.  (See Alpha Blue Reply Br., Aff.
David Naylor, at 2.)  See Decker, 49 F.Supp.2d at 748 (stating
that personal jurisdiction based on a website is proper where
defendant uses the website to transact business).  Here,
defendants knowingly sell and ship their products to New Jersey
residents.  (Alpha Blue Reply Br. at 3-4; id., Aff. David Naylor,
at 2.)  Defendants' sales occur primarily through the website and
were initiated by customers.  (Id., Aff. David Naylor, at 2.)
Defendants estimate that two percent of their sales occur in New
Jersey.  (Id.)  Thus, defendants purposely availed themselves of
conducting business in New Jersey by "knowingly interacting with
residents of the forum state via [their] web site" and specific
jurisdiction is properly exercised.  See Toys "R" Us, Inc., 318

_____

    [3]  Because the Court determines that defendants are amenable
to specific jurisdiction, the Court does not decide whether
defendants' contacts with New Jersey are sufficient to establish
general jurisdiction.

F.3d at 454; see also L'Athene, Inc., 570 F.Supp.2d at 594
(concluding that specific jurisdiction is proper where defendant
used its website to conduct business with residents of the forum
state and knowingly shipped its products to the forum state).

Alpha Blue argues that its contacts with New Jersey are
insufficient because less than two percent of its sales occur in
New Jersey, and it does not have any direct communications with
New Jersey residents. (Alpha Blue Reply Br. at 3-4.) This
argument is unavailing. In a minimum contacts analysis, the
nature and quality, not the quantity, of the contacts are
important. Zippo Mfg. Co., 952 F.Supp. at 1127 (emphasizing that
the minimum contacts test "has always focused on the 'nature and
quality' of the contacts with the forum and not the quantity of
those contacts"); see also Osteotech, Inc., 6 F.Supp.2d at 354
(stating that defendant's sale of a single product in the forum
state is sufficient to establish specific jurisdiction where
plaintiff's claim arises from that sale). Here, Alpha Blue
intentionally and knowingly used the website to conduct business
in New Jersey. (See Alpha Blue Reply Br. at 3-4.) Alpha Blue
sold and shipped its products to New Jersey residents, presumably
to make a profit on the transactions. (Id.) See Zippo Mfg. Co.,
952 F.Supp. at 1126-27 (stating that if defendant did not want to
be subject to personal jurisdiction in the forum state, it could
have chosen not to sell its products to residents of the forum

14

state).  Thus, despite its small percentage of sales in New
Jersey, Alpha Blue purposely availed itself of doing business in
New Jersey and is therefore subject to personal jurisdiction in
New Jersey.  See Toys "R" Us, Inc., 318 F.3d at 454.

    Alpha Blue also attempts to characterize the content of its
website as an advertisement and argues that personal jurisdiction
cannot be exercised based on general, nationwide advertisements.
(See Alpha Blue Reply Br. at 4.)  Alpha Blue's website, however,
does more than just advertise its products. (See id., Aff. David
Naylor, at 2 (stating that Alpha Blue's "sales occur primarily
through the Internet").)  The website is interactive since
customers can and do purchase Alpha Blue's products through the
website.  (Id.)  Because Alpha Blue's website is interactive, the
rule prohibiting exercise of personal jurisdiction based on
websites that merely provide information or advertisements does
not apply to Alpha Blue's website.  See Weber v. Jolly Hotels,
977 F.Supp. 327, 334 (D.N.J. 1997) (concluding that exercise of
personal jurisdiction over defendant "who merely advertises its
services or products on the Internet" is unconstitutional).
Rather, exercise of personal jurisdiction is permissible because
Alpha Blue actively transacts business with New Jersey residents
through its website.  See Toys "R" Us, Inc., 318 F.3d at 452.

    The exercise of personal jurisdiction over defendants does
not violate traditional notions of fair play and substantial

15

justice.  Here, it is reasonable to require defendants to defend
the action in New Jersey.  See Decker, 49 F.Supp.2d at 746
(noting that personal jurisdiction satisfies "fair play and
substantial justice" when defendant reasonably may be made to
defend the lawsuit in the forum state).  New Jersey has an
interest in litigating this dispute because it involves the
alleged infringement of copyrights owned by a resident
corporation.  See Zippo Mfg. Co., 952 F.Supp. at 1127.  This
interest outweighs any burden on defendants caused by forcing
them to litigate the action in New Jersey, especially since
defendants chose to do business in New Jersey.  See id.
(concluding that the forum state's interest in litigating the
action outweighed the defendant's burden of having to litigate in
the forum state where the defendant "consciously chose to conduct
business" in the forum state).

   **B.   Application of 28 U.S.C. § 1406(a)**

   Defendants argue that under Section 1406(a) the complaint
should be dismissed, or, in the interest of justice, the action
transferred to the Northern District of California.  (Naylor Br.
at 3; Alpha Blue Br. at 3.)  Section 1406(a), however, applies
only where venue is improper.  Lafferty, 495 F.3d at 77-78;
Jumara, 55 F.3d at 878.  Here, the Court has determined that
venue is proper under Section 1400.  Thus, Section 1406(a) is
inapplicable, and the complaint cannot be dismissed nor the

16

action transferred under Section 1406(a).  See Lafferty, 495 F.3d
at 77 (recognizing that "Section 1406(a) comes into play where
plaintiffs file suit in an improper forum"); Jumara, 55 F.3d at
878 (stating that Section 1406(a) "applies where the original
venue is improper").

### C.    Application of 28 U.S.C. § 1404(a)

Defendants argue that, even if venue is proper, the action
should be transferred to the Northern District of California in
the interest of justice.  (Naylor Br. at 4; Alpha Blue Br. at 4.)
Defendants assert that the action should be transferred because
defendants' witnesses are located in California, defendants are
from California, and the allegedly infringing products are
located in California.  (Naylor Br. at 4; Alpha Blue Br. at 4.)
In response, Gourmet argues that transfer is inappropriate
because defendants not only failed to overcome the presumption
favoring Gourmet's choice of forum, but also failed to show that
California is a more convenient forum.  (Gourmet Br. at 9-10.)

This Court finds that defendants have not shown that the
Northern District of California is a more convenient forum than
the District of New Jersey, and thus the Court will not transfer
the action under Section 1404(a).  The Court must weigh private
and public interests in determining whether transferring venue is
in the interest of justice.  See Jumara, 55 F.3d at 879.  Here,
the private and public interests do not favor transfer of venue.

17

The private interests in this action do not favor transfer to the Northern District of California.  Here, Gourmet is a New Jersey citizen, and several facts underlying the action occurred in New Jersey, including defendants' sales of their allegedly infringing products to New Jersey residents.  (See Gourmet Br. at 1-3, 7.)  The Court must therefore accord even greater deference to Gourmet's choice of forum.  See Rappoport, 16 F.Supp.2d at 499 (recognizing that the plaintiff's choice of forum is "entitled to greater deference when a plaintiff chooses its home forum" (quotation and citation omitted)).  Thus, Gourmet's choice of forum weighs against transfer, and defendants must show that the remaining factors strongly favor transferring venue.  See Yocham, 565 F.Supp.2d at 558.

The other private interest factors do not strongly favor transfer to the Northern District of California.  Defendants' preference for a California forum does not outweigh Gourmet's preference for a New Jersey forum because New Jersey is Gourmet's home forum and has some connection to the factual basis for the action.  See Danka Funding, LLC v. Page, Scrantom, Sprouse, Tucker & Ford, P.C., 21 F.Supp.2d 465, 475 (D.N.J. 1998) (granting plaintiff's choice of forum greater deference than defendant's choice of forum).  Where the claim arose does not weigh heavily in favor of transfer because both venues have ties to the facts at issue in this action.  See Yocham, 565 F.Supp.2d

18

at 559.  The convenience of the parties does not strongly favor transfer.  Defendants and Gourmet are located on opposite sides of the country.  (<u>See</u> Compl. at 1-2.)  Regardless of where the litigation occurs, at least one party will be forced to litigate far from a home forum.  Also, defendants have not shown any physical or financial limitations to their ability to litigate the action in New Jersey.  <u>See</u> <u>IMS Health, Inc. v. Vality Tech. Inc.</u>, 59 F.Supp.2d 454, 470 (E.D. Pa. 1999) (emphasizing that defendant failed to show it would be physically or financially unable to litigate in plaintiff's chosen forum); <u>Danka Funding</u>, 21 F.Supp.2d at 475 (noting that defendant failed to produce evidence of its physical or financial inability to litigate in the forum state and denying defendant's motion to transfer venue).  Thus, convenience of the parties does not strongly favor transfer to a California forum.

Convenience of the witnesses also does not favor transfer to a California forum.  While defendants contend that it will be inconvenient for their witnesses to travel to New Jersey, defendants have not demonstrated that their witnesses will be unable or unwilling to attend a trial held in New Jersey.  <u>See</u> <u>Jumara</u>, 55 F.3d at 879 (noting that convenience of witnesses should be considered "but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"); <u>Yocham</u>, 565 F.Supp.2d at 558 (emphasizing that defendants failed

19

to show that their out-of-state witnesses would be unwilling to
voluntarily come to the forum state in determining that the
convenience of witnesses did not favor transfer).  Gourmet's
witnesses are located in New Jersey and would be inconvenienced
by transferring the action to California.  (Gourmet Br. at 2-3.)
Thus, this factor does not strongly favor a California forum.
Also, defendants have noted that their books and records are
located in California, but they have not shown that they would be
unable to produce their books and records in New Jersey.  See IMS
Health, Inc., 59 F.Supp.2d at 470 (according this factor minimal
weight where there was no indication that defendant could not
produce its books and records in plaintiff's chosen forum).
Again, Gourmet's books and records are located in New Jersey, and
Gourmet would be inconvenienced by a transfer.  (Gourmet Br. at
2.)  This factor, therefore, does not strongly favor a California
forum.  Together, the private interest factors do not strongly
favor transfer to the Northern District of California.

      The public interest factors do not strongly favor transfer
to a California forum.  Enforceability of the judgment does not
favor either forum because the ultimate judgment will be
enforceable in both states.  See Yocham, 565 F.Supp.2d at 559.
Practical considerations also do not favor either forum because
both parties have witnesses and records located in their home
states.  Thus, no matter where the litigation occurs, at least

20

one party will have to transport witnesses and records from one
forum to the other.  See id.  Administrative ease does not favor
transfer to California since nothing indicates that there is any
related litigation pending in a different forum.  Cf. Liggett
Group Inc. v. R.J. Reynolds Tobacco Co., 102 F.Supp.2d 518, 537
(D.N.J. 2000) (stating that where related actions exist, it is in
the interest of justice to permit both actions to proceed before
one court).  The local interest factor does not favor transfer to
California since many of the facts in issue have a connection to
New Jersey.  See Yocham, 565 F.Supp.2d at 559 (concluding that
the local interest factor does not strongly favor transfer where
plaintiff's chosen forum has some connection to the underlying
facts at issue).  Defendants have not argued that public policy
concerns favor one forum over the other.  The final public
interest factor, familiarity of the trial judge with applicable
state law, does not favor transfer because this is a federal
question case and federal law applies.  See Osteotech, Inc., 6
F.Supp.2d at 359 (finding this factor neutral since the lone
claim arose under federal law).  Thus, the public interest
factors do not favor transfer of the action to the Northern
District of California.

## CONCLUSION

The Court, for the reasons stated supra, will deny the
separate motions to dismiss for improper venue, or, in the

21

alternative, to transfer venue.  The Court will issue an

appropriate order.

                                          s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated:    October 29, 2008